UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CHESTER WRIGHT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-2433 (CKK) |
| | ) | |
| PATRICIA STANSBERRY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION

Petitioner Chester Wright is a prisoner under criminal sentence by the Superior Court for the District of Columbia. Confined at the Federal Correctional Complex in Petersburg, Virginia, Wright has filed a habeas petition asserting that his remedy under D.C. Code § 23-110 is ineffective and inadequate. The petition will be dismissed for lack of jurisdiction.

Wright and several co-defendants were indicted on charges of premeditated murder, conspiracy to commit murder and related crimes. Pet. at 1; *Wright v. United States,* 979 A.2d 26, 28 (D.C. 2009). After some co-defendants were tried and convicted in a separate trial, Wright and one co-defendant were tried and convicted in 1997. *Id.* at 1, 4; *Wright,* 979 A.2d at 28. Through appellate counsel, Wright appealed his conviction and sentence, and also collaterally attacked them by motion under D.C. Code § 23-110 in June 2002, in which he alleged ineffective assistance of counsel and prosecutorial misconduct. *Id.* at 1-2; *Wright,* 979 A.2d at 29. The trial court denied relief on the § 23-110 motion. *Id.* at 2, *Wright,* 979 A.2d at 29. On direct criminal appeal, the Court of Appeals for the District of Columbia affirmed the conviction but remanded

the case for re-sentencing, *id.*; *Hammond v. United States*, 880 A.2d 1066 (D.C. 2005)), and Wright was re-sentenced on February 28, 2006. *Id.*

On March 19, 2007, Wright filed a second motion under § 23-110, *id.*, in which he alleged "that the prosecutor had withheld material, exculpatory evidence under *Brady v. Maryland* — specifically a transcript from the trial of Terry Pleasant (a co-defendant) and information relating to Michael Tinch," *Wright,* 979 A.2d at 29.[1] Although Wright raises alleged errors that date from his 1997 trial, he characterizes his second § 23-110 motion as an attack on "the 'fresh' judgment" imposed February 28, 2006. Pet. at 3. He also argues that the grounds for his motion were unknown to him until mid-2006. Wright contends that

> [t]he Superior Court denied relief because it was of the opinion that [Wright's second § 23-110] motion was either second or successive or in any event procedurally barred. In reaching such a conclusion, the Superior Court contended that [Wright] had previously sought relief pursuant to D.C. Code § 23-110. On appeal the D.C. Court of Appeal affirmed the decision of the Superior Court. The findings by the two courts are clearly wrong and have made D.C. Code § 23-110 inadequate or ineffective.

---

[1] In his petition here, Wright alleges that the prosecutor used a "fraudulent photo array" that included a 1993 photo of Pleasant, and that

> [t]his fraudulent photo [used in Pleasant's trial] prejudiced [Wright] because at his trial, the fraudulent photo was alleged to be [Wright], even though the 1993 photo was never introduced into evidence. Kimberly Hays identified [Wright] only from that photo array; she was unable to identify him in court. Det[ective] Carl Gregory testified that he showed Kimberly Hayes the 1993 photo of Terry Pleasant in 1991. Det[ective] Carl Gregory also told a Superior court judge (in his affidavit in support of arrest warrant) that Kimberly Hayes selected Terry Pleasant's photo of 1993 as the man who shot Ronald Richardson. Based on such information the Superior Court issued an arrest warrant, even though it was impossible for Ms. Hayes to have seen a 1993 photo in 1991. The foregoing information was never disclosed to [Wright] nor [sic] his attorney.

Pet. at 5. The petition does not adequately explain what prejudice is involved in the alleged misconduct.

*Id.* at 3.  Relying on *Ferriera v. Sec'y for the Dep't of Corrections,* 494 F.3d 1286 (11th Cir. 2007), Wright argues that he is

> entitled to file a <u>first</u> § 23-110 motion against the new judgment and commitment order requesting relief.  This was the only statutory remedy available to [Wright].  Since the local courts effectively made § 23-110 inadequate or ineffective, [Wright] is entitled to request relief under 28 U.S.C. § 2254 [sic].

Pet. at 3.

Leaving aside the fatal flaws in Wright's legal argument,[2] Wright's petition is based on false factual predicates.  That is, the petition misrepresents the facts in multiple respects.  Contrary to Wright's assertion, *see* Pet. at 3, in fact, the Superior Court did not reject his second § 23-110 motion as successive, but denied it on the merits.

> The [trial] court denied the second motion without a hearing, ruling that appellant did not provide any factual support for his claims, and that he had failed to explain how the information which allegedly should have been disclosed was exculpatory or would undermine confidence in the jury's verdict.

*Wright,* 979 A.2d at 29.  Moreover, and again contrary to Wright's assertion, *see* Pet. at 3, the Court of Appeals also rendered a decision on the merits.  In its review of the trial court's denial of Wright's second § 23-110 motion, the Court of Appeals found

> no error in the [trial] court's denial of [Wright's] second § 23-110 motion, which alleged that the prosecutor "intentionally suppressed exculpatory and impeachment evidence," in violation of *Brady v. Maryland.*  In the first place, the motion was procedurally barred as an abuse of the writ because appellant failed to meet the well-established "cause and prejudice" standard.  Although he asserts that he did not receive or review the transcripts from Terry Pleasant's trial until 2006, and thus could not have raised these claims earlier, the record establishes that appellant's trial counsel received the transcripts during the trial.  Moreover, appellant raised claims relating to the testimony of Michelle Watson and Michael Tinch in his direct appeal.  Thus appellant knew or should have known of his

---

[2] Wright's reliance on the case he cites is misguided.  That case, and the decision in *Burton v. Stewart,* 549 U.S. 147 (2007), cited and discussed therein, pertain specifically to the one-year limitation period in 28 U.S.C. § 2244(d)(1) as it relates to state prisoners seeking federal review under 28 U.S.C. § 2254.  The provisions of 28 U.S.C. § 2244(d)(1) and § 2254 do not apply to persons convicted and sentenced in the Superior Court for the District of Columbia.

> *Brady* claims at the time his direct appeal was filed, and certainly by the time of his first § 23-110 motion, and he has not shown cause for his failure to raise them earlier. *See Washington v. United States,* 834 A.2d 899, 904 (D.C. 2003) (the fact that defendant did not receive materials from counsel did not constitute "cause" when defendant was present during trial and would be aware of errors as they occurred).
> 
> Appellant also cannot show prejudice. None of the testimony from Pleasant's trial exculpated appellant, who, at the very least, would still be implicated as part of the conspiracy. *See Hammond* [], 880 A.2d at 1106 (evidence that appellant aided and abetted subjects him to liability). Thus the alleged *Brady* violations did not work to appellant's actual disadvantage or infect his trial with error of constitutional dimensions. *See Washington,* 834 A.2d at 902.
> 
> Even if the motion were not procedurally barred, the [trial] court did not err in denying it on the merits because no *Brady* violation occurred. To establish a *Brady* violation, the defendant must show (1) that there was evidence favorable to him, (2) that it was suppressed or concealed by the prosecution, and (3) that prejudice resulted. *Strickler v. Greene,* 527 U.S. 263, 281-282 . . . (1999). To satisfy the prejudice requirement, the withheld evidence must be material. *Id.* at 280 . . . .
> 
> In this case, the government did not suppress the materials or information on which appellant bases his claims. The transcripts from the Pleasant trial were supplied to defense counsel during appellant's trial. Michelle Watson testified at the trial, so her testimony could not have been suppressed because appellant and his counsel were present, and counsel was able to cross-examine her about any inconsistencies in her testimony, or indeed about any subject at all that might have been relevant. Similarly, the government could not have suppressed Michael Tinch's statement because it never possessed that document. "If the government does not possess the requested information, there can be no *Brady* violation." *Guest v. United States,* 867 A.2d 208, 212 (D.C. 2005) (citations omitted). Furthermore, the court did not err in rejecting, for lack of factual support, appellant's assertion that the government attempted to elicit false testimony because appellant proffered only an unsigned, undated "affidavit" purporting to be from Tinch. The court did not abuse its discretion when it found this document insufficient to prove that the prosecutor attempted to solicit perjury, nor was it an abuse of discretion to decline to hold a hearing on this issue. *See Ready [v. United States],* 620 A.2d [233,] 234 [(D.C. 1993)] (no hearing required for "palpably incredible" claims).

*Wright,* 979 A.2d at 31-32. It could not be more clear that Wright's second § 23-110 motion was entertained and decided on the merits in both the trial and appellate courts of the District of Columbia, despite the fact that the courts could have treated his motion as procedurally barred.

In addition, it could not be more clear that the courts of the District of Columbia found Wright's claims to be without merit.

Denial of relief by the courts of the District of Columbia does not render inadequate or ineffective the remedy provided by D.C. Code § 23-110. *Garris v. Lindsay,* 794 F.2d 722, 727 (D.C. Cir. 1986); *Charles v. Chandler,* 180 F.3d 753, 756-58 (6th Cir. 1999) (citing cases); *Wilson v. Office of the Chairperson,* 892 F. Supp. 277, 280 (D.D.C. 1995). As Wright has failed to show that his § 23-110 remedy was inadequate or ineffective, his petition will be dismissed for want of jurisdiction.

A separate order accompanies this memorandum opinion.

                                                       /s/
Date: January 7, 2010                       COLLEEN KOLLAR-KOTELLY
                                        United States District Judge